618155

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

NUBIA MAZZARESE

VS.                                                          CA NO:

MASHANTUCKET PEQUOT TRIBAL NATION, As Administrator of
Group Long Term Disability Plan for employees of Mashantucket Pequot Tribal Nation, Alias,
MASHANTUCKET PEQUOT TRIBAL NATION, Alias, and HARTFORD INSURANCE
COMPANY, Alias

### COMPLAINT IN CIVIL ACTION

NOW COMES the Plaintiff, Nubia Mazzarese by her attorney, Mark B. Morse, and sets forth the following:

### JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of her Long-Term Disability Benefits, which was done pretextually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan.

### THE PARTIES

1.     Plaintiff is a citizen of the United States of America and resides at 36 Charlene Avenue Westerly RI 02891.  At all times material hereto, Plaintiff has been an employee of Mashantucket Pequot Tribal Nation (hereinafter the Employer) since in or about 1987, most recently as a casino dealer.

**618155**

2. `The Employer, is a sovereign Indian Tribe with a principal place of business at Ledyard Connecticut, engaged in the business of a gambling casino, located in, Mashantucket Pequot Tribal Nation.

3. The Employer is an employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the Group Long Term Disability Plan for employees of Mashantucket Pequot Tribal Nation (herein the Plan) and MASHANTUCKET PEQUOT TRIBAL NATION is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant MASHANTUCKET PEQUOT TRIBAL NATION; (herein Plan Administrator), serves as the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant HARTFORD INSURANCE COMPANY (hereinafter Hartford) is a corporation engaged in the business of insurance with a principal place of business in Simsbury, CT, and which is authorized to do business in the State of Rhode Island.

## FACTUAL ALLEGATIONS

7. At all times material hereto, the Employer and the Plan Administrator caused Hartford to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

618155

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from Hartford.

10. By virtue of the relationship by and among the Employer, the Plan Administrator and Hartford jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. 1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

12. On or about December 13, 2001, Plaintiff sustained substantial injuries.

13. Since on or about December 13, 2001 Plaintiff has been unable to perform the substantial duties of her job or from any substantial and gainful employment.

14. Since December 13, 2001, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including, late effects of acute poliomyelitis, Osteoporosis, Vitamin D deficiency Primary fibromyalgia, Hypercholesterolemia, Interstitial cystitis (chronic) without hematuria mood disorder and PTSD, Lumbago of multiple sites in spine with sciatica, chronic pain, fatigue, malaise, and lack of energy and stamina.

15. As a result of her injuries and illnesses, since on or about December 13, 2001, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about March 13, 2002, following the applicable elimination period, Plaintiff was entitled to Long-Term Disability Benefits.

618155

17. On or about May 25, 2018, the Plan Administrator, and Hartford discontinued Plaintiff's disability benefits, even though she remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements and instructions in the initial letter of denial.

19.  Plaintiff timely filed an appeal regarding the denial of benefits, however, January 24, 2019 the Plan Administrator and Hartford denied Plaintiff's appeal.

20. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

21. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

22.  Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants obligated to pay same.

23. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

24. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

618155

## ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.

25. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 24, inclusive, as if more fully set forth herein.

26. The Plan Administrator and Hartford owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

27. Since on or about May 25, 2018 Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

28. The Plan Administrator and Hartford terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

29. The denial of Plaintiff's disability benefits by the Plan Administrator and Hartford constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

31. Hartford has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

32. By virtue of the actions of the Plan Administrator and Hartford, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

618155

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

        Plaintiff
        By her Attorneys,
        Law Office of Mark B. Morse, LLC

        /s/ Mark B. Morse
        _____
        MARK B. MORSE,  Esq.
        RI Bar Reg No 3003
        420 Angell Street
        Providence, RI 02906
        (401) 831-0555
        fax (401) 273-0937
        email: mark@morselawoffice.com